UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Clevon Tyrone Johnson</u>

   v.                                            Civil No. 16-cv-442-LM

<u>Warden, Federal Correctional</u>
<u>Institution, Berlin, New Hampshire</u>

**O R D E R**

Clevon Tyrone Johnson, a federal prisoner who was housed at the Federal Correctional Institution, in Berlin, New Hampshire when he filed this action, has petitioned this court for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. The petition challenges a decision of the Bureau of Prisons ("BOP") to disallow Johnson good-time credits, pursuant to an August 18, 2015 disciplinary offense that occurred at another federal prison.

The court directed that the petition be served on respondent, and instructed respondent to file either an answer or motion to dismiss.[1] Respondent has moved to dismiss (Doc. No.

---

[1] While the Supreme Court has stated in dicta that a motion to dismiss is not an appropriate response to a habeas petition, <u>see</u> <u>Browder v. Director</u>, 434 U.S. 257, 269 n.14 (1978), the Advisory Committee Notes to Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules"), which took effect after <u>Browder</u> had been

7). Respondent's motion has been referred to the magistrate judge for a report and recommendation. See LR 72.1.

## Standard

Respondent's motion to dismiss relies on Fed. R. Civ. P. 12(b)(6) for authority. Under Rule 12(b)(6), in evaluating a motion to dismiss, the court may consider "'facts and documents that are part of or incorporated into the complaint,'" as well as "'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted). The court accepts the factual allegations in the complaint as true, construes reasonable inferences in petitioner's favor, and determines whether the factual allegations in the complaint state a claim upon which relief may be granted. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014). As petitioner is proceeding pro se, his pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

---

filed, indicate that this court may authorize the respondent to file a motion to dismiss in an appropriate case. See § 2254 Rule 4 adv. comm. note to 1976 adoption.

**Discussion**

The decision of a prison disciplinary hearing officer that results in the loss of good-time credits must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). "[T]he relevant question" for the court's consideration "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455.

The uncontested facts alleged in the petition and in the attachments, taken as true, are sufficient to support the hearing officer's decision that petitioner committed the prohibited act of fighting. The pertinent incident report, which Johnson admitted at the disciplinary hearing was true, stated that petitioner and the other inmate exchanged punches. Petitioner has maintained that his actions during the fighting incident were justified as self-defense, and that is the basis of his § 2241 petition.

For reasons stated in the respondent's motion (Doc. No. 7), the petition should be dismissed. See Addison v. Tatum, No. 15-cv-159-JD, 2016 DNH 007, 2016 WL 154135, at *2-*3, 2016 U.S. Dist. LEXIS 2924, at *5-*6 (D.N.H. Jan. 8, 2016) (petitioner's assertion of self-defense does not show that the hearing officer's decision violated his due process rights, because

"inmate can be disciplined for violent conduct even if the inmate acted in self-defense" (citing cases)).

## Conclusion

For the reasons stated herein, the district judge should grant respondent's motion to dismiss (Doc. No. 7) and close this case. Any objections to this Report and Recommendation must be filed by May 22, 2017. Cf. Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 20, 2017

cc: Clevon Tyrone Johnson, pro se
    Seth R. Aframe, Esq.